# WHALEN & TUSA, P.C.

*A New York Professional Corporation*
*Attorneys and Counselors at Law*

**33 West 19ᵗʰ Street, 4ᵗʰ Floor**
**New York, NY  10011**
**Telephone: (212) 400-7100**
**Facsimile:   (212) 658-9685**

June 25, 2010

<u>BY ECF FILING AND FIRST CLASS MAIL</u>

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, NY  11722-4451

> Re:   <u>*Cassese  v. Washington Mutual, Inc.*</u>; Civil Action No. 05-CIV-2724 (ADS) (ARL)

Dear Judge Lindsay:

We represent Plaintiffs and the certified class against defendant Washington Mutual, Inc. ("WMI") in the referenced class action.  On May 13, 2010, Judge Spatt entered a Memorandum Decision and Order denying WMI's motion to decertify the class certified against it in 2009.[1]  *See Cassese v. Washington Mutual, Inc.*,  2010 U.S. Dist. LEXIS 47371, *8,  *24 (E.D.N.Y. May 13, 2010) ("The Court defined the class ('the WMI Class') as identical to the WMB/FDIC Class, except that the WMI Class was permitted to assert claims against WMI." … "The Court also notes that its ruling [as to the FDIC] does not affect the WMI Class, which remains certified to assert claims against WMI."); *Cassese v. Washington Mut., Inc., * 262 F.R.D. 179 (E.D.N.Y. 2009) (certifying WMI class).  Pursuant to Federal Rules 26, 36 and 37, and Local Rule 37.1, Plaintiffs and the certified Class move to compel responses from WMI to Plaintiffs' Requests to Admit served in this action.   Plaintiffs move to compel discovery from only WMI at this time.

This Court has issued at least four orders directing Defendants to produce "class" discovery once this Court certifies a class.  *See Docket Nos. 34, 36, 76, 97.*  Given Judge Spatt's certification of a class against WMI, and its May 13, 2010 affirmance of that ruling, WMI must produce the discovery requested herein.  After Judge Spatt's May 13, 2010 decision, and the May 14, 2010 Order of this Court, Plaintiffs conferred with counsel for WMI and the FDIC.  As mentioned, discovery discussions with the FDIC's counsel are ongoing.  Following the meet and confer with WMI's counsel, on June 8, 2010, WMI's counsel served a letter on Plaintiffs' counsel.  That letter

---

[1]      In that decision, Judge Spatt did grant the motion by the FDIC, as receiver for Washington Mutual Bank ("WMB"), to decertify the class certified against it in 2008.  Plaintiffs have petitioned the Second Circuit to review that decision pursuant to Fed. R. Civ. P. 23(f).  Counsel for Plaintiffs and the FDIC are still conferring concerning the production of discovery sought by Plaintiffs.  As a result, this motion is not directed to FDIC.

*Long Island Office:  565 Plandome Road, Suite 212, Manhasset, NY  11030*

disclaimed any ability by WMI to produce discovery concerning the aggregate disputed fees collected by WMI and its WMB subsidiary, given that WMB was seized and has been sold by the FDIC to JPMorgan Chase Bank, N.A.  Plaintiffs are therefore not seeking that discovery from WMI at this time.   As to other long-overdue discovery, WMI refused to comply in any fashion, citing the burden it would incur.  That position is contrary to this Court's orders and the order of the Delaware bankruptcy court lifting the bankruptcy stay so that this action can proceed in this forum against WMI.

Plaintiffs now move to compel WMI's responses only to Requests to Admit ("RTAs") addressing WMI's and its current or former subsidiaries' corporate structure, financial reporting and business operations, to which WMI had previously objected on June 7, 2007, based on the lack of certified class against WMI or any other defendant.  *See* RTA Nos. 117-183 (attached).   While WMB had partially responded to some of these RTAs, WMI did not respond to any of them.  WMI's objections are rendered moot by Judge Spatt's decisions certifying a class against WMI.   WMI should be readily able to respond RTAs 117-183, and should be able to do without any unreasonable burden.  If it does not possess responsive information to any RTA, it should be required to respond to the RTAs accordingly.  WMI other stated objections are similarly without basis.

Respectfully yours,

/s/ Joseph S. Tusa (JT-9390)

cc:  Counsel of Record (by ECF Filing)

*WHALEN & TUSA, P.C.*

# ATTACHMENT

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENISE CASSESE f/k/a DENISE CALIGIURI, : Civil Action No. 05 Civ 2724 (ADS)
GEORGE SCOTT RUSH, RICHARD MELICHAR  (ARL)
and RICHARD SCHROER, individually and on :
behalf of all others similarly situated,  **The Honorable Arthur D. Spatt**

     :

    Plaintiff,

     :

 vs.

     :

WASHINGTON MUTUAL, INC.,
WASHINGTON MUTUAL BANK, FA,
WASHINGTON MUTUAL BANK FSB,  :
WASHINGTON MUTUAL BANK, and
WASHINGTON MUTUAL HOME LOANS, INC.,

     :

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS TO

### ADMIT

50361551V2

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants hereby respond and object to the Requests for Admissions (the "Requests") propounded by plaintiffs and dated April 27, 2007.

## PRELIMINARY STATEMENT

Defendants Washington Mutual, Inc., Washington Mutual Bank, FSB, former state-chartered Washington Mutual Bank and Washington Mutual Home Loans, Inc. (collectively, the "Improper Defendants") object to the Requests in their entirety on the grounds that the Improper Defendants no longer exist as separate entities, did not engage in lending activities during the time period relevant to the Second Amended Complaint, are not subject to jurisdiction in this Court and/or did not originate or service plaintiffs' loans. The Improper Defendants hereby incorporate the general and specific objections set forth below, and will not provide specific Responses to the Requests.

Defendant Washington Mutual Bank, formerly known as Washington Mutual Bank, FA ("WMB"), responds to the Requests based on the investigation conducted in the time available since service of the Requests. As of the date of these Responses, WMB has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of plaintiffs and/or third parties. As a consequence, the Responses are based on information now known to WMB and that may be relevant to the subject matter covered by the Interrogatories. In the future, WMB may acquire additional information, or discover information currently in its possession, bearing on the Requests and WMB's Responses. WMB reserves the right: (a) to make subsequent revisions or amendments to these Responses based on any information, documents or evidence that may be subsequently discovered, or the relevance of which may be subsequently discovered; and (b) to produce, introduce or rely on additional or subsequently acquired or discovered information, documents or evidence at trial or in any pretrial proceedings in this action. WMB incorporates this Preliminary Statement into each Response as if fully set forth.

-1-

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny. Washington Mutual, Inc. ("WMI") is a Washington corporation with its principal place of business at 1301 Second Avenue, Seattle, Washington.

**REQUEST FOR ADMISSION NO. 116:**

Admit that WMI maintains offices and employees in New York related to its residential mortgage and home loan lending and servicing business.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 117:**

Admit that the financial operations of WMI are reported in WMI's publicly filed financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without

-46-

waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that WMI makes public filings of information related to its financial performance.

**REQUEST FOR ADMISSION NO. 118:**

Admit that WMI stated in its United States Securities and Exchange Commission Form 10-K Annual filing for the year ended December 31, 2004 that "All of our banking subsidiaries are under the common control of Washington Mutual, Inc."

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB states that WMI's public filings speak for themselves.

**REQUEST FOR ADMISSION NO. 119:**

Admit that WMB is currently and was since the filing of this action, a "banking subsidiary" of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that it is a federally chartered savings association and is an indirect subsidiary of WMI.

S0361551V2

**REQUEST FOR ADMISSION NO. 120:**

Admit that WMBFA is currently and was since the filing of this action, a "banking subsidiary" of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that it and the entity formerly known as Washington Mutual Bank, FA are one and the same and therefore incorporates its Response to Request No. 119 as if fully set forth.

**REQUEST FOR ADMISSION NO. 121:**

Admit that WMBHLI is currently and was since the filing of this action, a "banking subsidiary" of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 122:**

Admit that WMBFSB is currently and was since the filing of this action, a "banking subsidiary" of WMI.

-48-

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that Washington Mutual Bank FSB is a federally chartered savings bank and is an indirect subsidiary of WMI.

**REQUEST FOR ADMISSION NO. 123:**

Admit that WMB is currently and was since the filing of this action, a subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  The Response to Request No. 119 is incorporated herein as if fully set forth.

**REQUEST FOR ADMISSION NO. 124:**

Admit that WMBFA is currently and was since the filing of this action, a subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to

50361551V2

the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  The Response to Request No. 120 is incorporated herein as if fully set forth.

**REQUEST FOR ADMISSION NO. 125:**

Admit that WMBHLI is currently and was since the filing of this action, a subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  Deny.

**REQUEST FOR ADMISSION NO. 126:**

Admit that WMBFSB is currently and was since the filing of this action, a subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  The Response to Request No. 122 is incorporated herein as if fully set forth.

-50-

**REQUEST FOR ADMISSION NO. 127:**

Admit that WMI stated in a press release dated June 30, 2005 that the new President of WMI's "Home Loan Division" will "oversee all aspects of the company's home loans business.[sic]

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

WMB objects to this Request on the grounds, among others, that: (i) the press release speaks for itself; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 128:**

Admit that the President of WMI's "Home Loan Division" oversaw all aspects of the home loans business conducted by WMB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 129:**

Admit that the President of WMI's "Home Loan Division" oversaw all aspects of the home loans business conducted by WMBFA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

50361551V2

**REQUEST FOR ADMISSION NO. 130:**

Admit that the President of WMI's "Home Loan Division" oversaw all aspects of the home loans business conducted by WMBHLI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 131:**

Admit that the President of WMI's "Home Loan Division" oversaw all aspects of the home loans business conducted by WMBFSB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 132:**

Admit that WMBFA is a federally-chartered savings association and a member of the Federal Home Loan Bank System of the San Francisco Federal Home Loan Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these

-52-

50361551V2

objections and the general objections, WMB provides the following Response: WMB admits that it is a federal savings association regulated by the Office of Thrift Supervision.

**REQUEST FOR ADMISSION NO. 133:**

Admit that WMBFA acts as the servicer of mortgage and residential home loans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that it services loans secured by residential real property.

**REQUEST FOR ADMISSION NO. 134:**

Admit that WMBFA is a wholly-owned subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 135:**

Admit that WMBFA is controlled by WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it seeks a legal conclusion; (iii) it seeks information that exceeds the proper

-53-

scope of discovery prior to certification of any class; and (iv) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 136:**

Admit that WMBFA reports its financial results as part of WMI's publicly filed financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that WMI reports its financials on a consolidated basis.

**REQUEST FOR ADMISSION NO. 137:**

Admit that in January 2005, WMBFA merged with WMB and the combined entity was renamed WMB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that it is the successor to the former state-chartered bank known as Washington Mutual Bank.

50361551V2

**REQUEST FOR ADMISSION NO. 138:**

Admit that WMBFA maintains offices and employees in New York related to its
mortgage and home lending and servicing operations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and
ambiguous; (ii) it seeks information that exceeds the proper scope of discovery prior to
certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence in this action. Without
waiving and subject to these objections and the general objections, WMB provides the
following Response: WMB admits that it has offices in New York related to the origination of
loans secured by residential real property.

**REQUEST FOR ADMISSION NO. 139:**

Admit that WMBFSB maintains its principal place of business and headquarters at
1201 Third Avenue, Seattle, Washington.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks
information that exceeds the proper scope of discovery prior to certification of any class; and
(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence in this action. Without waiving and subject to these
objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 140:**

Admit that WMBFSB maintains offices in multiple states and engages in the business
of mortgage banking nationwide.

50361551V2

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 141:**

Admit that WMBFSB has been a wholly owned subsidiary of WMBFA since February 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that Washington Mutual Bank FSB is a wholly owned subsidiary of WMB.

**REQUEST FOR ADMISSION NO. 142:**

Admit that WMBFSB reports its financial results as part of WMI's publicly filed financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these

-56-

objections and the general objections, WMB provides the following Response:  The Response to Request No. 136 is incorporated herein as if fully set forth.

**REQUEST FOR ADMISSION NO. 143:**

Admit that WMB was a Washington state-chartered bank until December 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that prior to being merged out of existence, state-chartered Washington Mutual Bank was a Washington-chartered savings bank.

**REQUEST FOR ADMISSION NO. 144:**

Admit that prior to and after December 2004 WMB maintained offices in multiple states and engages in the business of mortgage banking nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  Deny.

**REQUEST FOR ADMISSION NO. 145:**

Admit that prior to and after December 2004 WMB acted as the servicer of mortgage and residential home loans.

-57-

**RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that for a period of time state-chartered Washington Mutual Bank serviced loans secured by residential real property.

**REQUEST FOR ADMISSION NO. 146:**

Admit that prior to and after December 2004 WMB was a wholly-owned subsidiary of WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that state chartered Washington Mutual Bank was a subsidiary of WMI for a period of time.

**REQUEST FOR ADMISSION NO. 147:**

Admit that prior to and after December 2004 WMB reported its financial results as part of WMI's publicly filed financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to

-58-

the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  The Response to Request No. 136 is incorporated herein as if fully set forth

**REQUEST FOR ADMISSION NO. 148:**

Admit that prior to and after December 2004 WMB was controlled by WMI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

WMB objects to this Request on the grounds, among others, that:  (i) it is vague and ambiguous; (ii) it seeks a legal conclusion; (iii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iv) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 149:**

Admit that prior to and after December 2004 WMB maintained "home loan centers" in Bayside, Brooklyn, Garden City, Hauppauge and Melville, New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.  Without waiving and subject to these objections and the general objections, WMB provides the following Response:  WMB admits that it maintained home loan centers in various locations in New York State, including in Brooklyn, on Long Island and in Westchester County.  WMB denies that state chartered Washington Mutual Bank operated home loan centers in New York.

-59-

**REQUEST FOR ADMISSION NO. 150:**

Admit that WMB merged with WMBFA in January 2005 and the combined entity continued with the name "Washington Mutual Bank."

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

WMB objects to this Request on the grounds, among others, that: (i) it is repetitive; (ii) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (iii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: The Response to Request No. 137 is incorporated herein as if fully set forth.

**REQUEST FOR ADMISSION NO. 151:**

Admit that WMHLI was an Ohio corporation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Admit.

**REQUEST FOR ADMISSION NO. 152:**

Admit that WMHLI has been registered with the New York Department of State since 1989 as a foreign business corporation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to

-60-

the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Denied as stated.

**REQUEST FOR ADMISSION NO. 153:**

Admit that WMBHLI was formed as a result of WMBFA's January 31, 2001 acquisition of the mortgage origination and securitization operations of PNC Financial Services Group.

**RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Denied as stated. WMB admits that, after acquiring PNC Mortgage Corp., it renamed that entity Washington Mutual Home Loans, Inc.

**REQUEST FOR ADMISSION NO. 154:**

Admit that on June 1, 2001, WMBHLI acquired Fleet Mortgage Corporation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: WMB admits that, on June 1, 2001, Fleet Mortgage Corp. was merged into Washington Mutual Home Loans, Inc.

-61-

**REQUEST FOR ADMISSION NO. 155:**

Admit that WMHLI was a wholly owned subsidiary of WMI until March 1, 2002, when it merged into WMBFA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these objections and the general objections, WMB provides the following Response: Deny.

**REQUEST FOR ADMISSION NO. 156:**

Admit that prior to March 1, 2002, WMI controlled WMBHLI.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 157:**

Admit that prior to March 1, 2002, WMBHLI reported its financial results as part of WMI's publicly filed financial statements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Without waiving and subject to these

50361551V2

objections and the general objections, WMB provides the following Response:  The Response
to Request No. 136 is incorporated herein as if fully set forth.

**REQUEST FOR ADMISSION NO. 158:**

Admit that Defendants, or any one of them, has entered into agreements to sell
Residential Loans to FNMA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks
information that exceeds the proper scope of discovery prior to certification of any class; and
(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 159:**

Admit that Defendants, or any one of them, has entered into agreements to sell
Residential Loans to Freddie Mac.

**RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks
information that exceeds the proper scope of discovery prior to certification of any class; and
(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to
the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 160:**

Admit that Defendants, or any one of them, has entered into agreements to sell
Residential Loans to Ginnie Mae.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

WMB objects to this Request on the grounds, among others, that:  (i) it seeks
information that exceeds the proper scope of discovery prior to certification of any class; and

50361551V2

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 161:

Admit that Defendants, or any one of them, has entered into agreements to sell Residential Loans to FHLBs.

## RESPONSE TO REQUEST FOR ADMISSION NO. 161:

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 162:

Admit that Defendants, or any one of them, has entered into agreements to service Residential Loans sold by any of the Defendants to FNMA.

## RESPONSE TO REQUEST FOR ADMISSION NO. 162:

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 163:

Admit that Defendants, or any one of them, has entered into agreements to service Residential Loans sold by any of the Defendants to Freddie Mac.

## RESPONSE TO REQUEST FOR ADMISSION NO. 163:

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and

-64-

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 164:**

Admit that Defendants, or any one of them, has entered into agreements to service Residential Loans sold by any of the Defendants to Ginnie Mae.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 165:**

Admit that Defendants, or any one of them, has entered into agreements to service Residential Loans sold by any of the Defendants to FHLBs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 166:**

Admit that Defendants, or any one of them, has entered into a Mortgage Selling and Servicing Contract with FNMA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and

-65-

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 167:**

Admit that for Residential Loans owned by FNMA that are serviced by Defendants, or any one of them, must adhere to FNMA's Selling Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 168:**

Admit that Residential Loans sold by Defendants, or any one of them, to FNMA, Defendants, or any one of them, must adhere to FNMA's Servicing Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 169:**

Admit that Defendants, or any one of them, has entered into agreements to sell Residential Loans to Freddie Mac.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and

50361551V2

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 170:**

Admit that Defendants, or any one of them, have entered into agreements to service Residential Loans sold by Defendants, or any one of them, to Freddie Mac.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 171:**

Admit that Defendants, or any one of them, have entered into a Mortgage Selling and Servicing Contract with Freddie Mac.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 172:**

Admit that for Residential Loans sold by Defendants, or any one of them, to Freddie Mac, Defendants, or any one of them, must adhere to Freddie Mac's Selling Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and

50361551V2

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 173:

Admit that for Residential Loans owned by Freddie Mac that are serviced by Defendants, or any one of them, Defendants, or any one of them, must adhere to Freddie Mac's Servicing Guidelines.

## RESPONSE TO REQUEST FOR ADMISSION NO. 173:

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 174:

Admit that Defendants, or any one of them, has entered into agreements to sell Residential Loans to Ginnie Mae.

## RESPONSE TO REQUEST FOR ADMISSION NO. 174:

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

## REQUEST FOR ADMISSION NO. 175:

Admit that Defendants, or any one of them, have entered into agreements to service Residential Loans sold by Defendants, or any one of them, to Ginnie Mae.

-68-

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 176:**

Admit that Defendants, or any one of them, have entered into a Mortgage Selling and Servicing Contract with Ginnie Mae.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 177:**

Admit that for Residential Loans sold by Defendants, or any one of them, to Ginnie Mae, Defendants, or any one of them, must adhere to Ginnie Mae's Selling Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

50361551V2

**REQUEST FOR ADMISSION NO. 178:**

Admit that for Residential Loans owned by Ginnie Mae that are serviced by Defendants, or any one of them, Defendants, or any one of them, must adhere to Ginnie Mae's Servicing Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 179:**

Admit that Defendants, or any one of them, have entered into agreements to sell Residential Loans to the FHLB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 180:**

Admit that Defendants, or any one of them, have entered into agreements to service Residential Loans sold by Defendants, or any one of them, to the FHLB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

50361551V2

**REQUEST FOR ADMISSION NO. 181:**

Admit that Defendants, or any one of them, have entered into a Mortgage Selling and Servicing Contract with the FHLB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 182:**

Admit that for Residential Loans sold by Defendants, or any one of them, to the FHLB, Defendants, or any one of them, must adhere to the FHLB's Selling Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and (ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 183:**

Admit that for Residential Loans owned by the FHLB that are serviced by Defendants, or any one of them, Defendants, or any one of them, must adhere to the FHLB's Servicing Guidelines.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

WMB objects to this Request on the grounds, among others, that: (i) it seeks information that exceeds the proper scope of discovery prior to certification of any class; and

50361551V2

(ii) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**REQUEST FOR ADMISSION NO. 184:**

Admit that the existence of a Fax Fee was not disclosed as a finance charge to Residential Loan borrowers who originate their loans through Defendants, or any one of them, prior to origination of the Residential Loan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is unintelligible; (iii) it is compound; (iv) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 185:**

Admit that the existence of a Fax Fee was not disclosed as a finance charge to Residential Loan borrowers who originate loans funded by Defendants, or any one of them, prior to origination of the Residential Loan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is unintelligible; (iii) it is compound; (iv) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 186:**

Admit that the existence of a Fax Fee was not disclosed t [sic] as a finance charge o Residential Loan borrowers who originate loans acquired or purchased by Defendants, or any one of them. prior to origination of the Residential Loan.

-72-

**RESPONSE TO REQUEST FOR ADMISSION NO. 256:**

WMB objects to this Request on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is compound; (iii) it lacks foundation; and (iv) it seeks the admission of facts that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

Dated: June 8, 2007                     STROOCK & STROOCK & LAVAN LLP
Los Angeles, California

By: _____
                     Lisa M. Simonetti (*pro hac vice*)

2029 Century Park East
Los Angeles, California 90067
Tel: (310) 556-5800
Fax: (310) 556-5959

Attorneys for Defendants
WASHINGTON MUTUAL, INC.,
WASHINGTON MUTUAL BANK, FA,
WASHINGTON MUTUAL BANK FSB,
WASHINGTON MUTUAL BANK,
WASHINGTON MUTUAL HOME LOANS, INC.

50361551V2