UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DENISE CASSESE,

                         Plaintiff,

                                                                                       **ORDER**
           -against-                                                                  CV 05-2724 (ADS)(ARL)

WASHINGTON MUTUAL, INC., et al.,

                         Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' June 25, 2010 motion seeking to compel the defendant, Washington Mutual, Inc. ("WMI"), to respond to their Requests to Admit. WMI has opposed the motion by letter dated June 30, 2010. For the reasons set forth below, the motion is denied, with leave to renew.

      On or about April 27, 2007, the plaintiffs served the defendants with 186 requests for admissions. On June 8, 2007, WMI objected to the requests, in large part, because the class had not been certified. The plaintiffs now argue that the objections are rendered moot by Judge Spatt's decision certifying a class against WMI. The plaintiffs further argue that, in his May 13, 2010 decision, Judge Spatt denied WMI's motion to decertify. WMI contends that the plaintiffs have mischaracterized that decision. The court agrees.

      Judge Spatt's May 13th decision principally addressed (1) a motion by the FDIC to decertify the WMB/FDIC Class; (2) a motion by the FDIC for partial judgment on the pleadings to deny the plaintiffs an award for punitive damages, injunctive relief, or payment for attorneys fees; (3) a motion by the plaintiffs to permit the intervention of one William Bloom as a named plaintiff; and (4) a motion by the plaintiffs to join, add, or substitute JPMorgan Chase Bank, NA as a defendant. Although WMI did file a two-page joinder to the FDIC's motion to decertify, WMI reserved the right to file its own motion and has now done so. Accordingly, the court will not address the plaintiffs' motion to compel until Judge Spatt rules on WMI's motion to decertify the class.

      Upon receipt of a decision, the parties are directed to meet and confer to discuss what, if any, objections WMI still has to the unanswered requests to admit.

Dated:  Central Islip, New York                     **SO ORDERED:**
            July 6, 2010

                                                                        _____/s/_____
                                                                          ARLENE R. LINDSAY
                                                                          United States Magistrate Judge