IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
DENISE CASSESE, f/k/a DENISE CALIGUIRI, :
GEORGE SCOTT RUSH, RICHARD :
MELICHAR and RICHARD SCHOERER, :
individually and on behalf of all others similarly : Case No. 2:05-cv-2724-ADS-ARL
situated, :
: Honorable Arthur D. Spatt
     Plaintiffs, : Honorable Arlene R. Lindsay
:
vs. :
:
WASHINGTON MUTUAL, INC.; :
:
THE FEDERAL DEPOSIT INSURANCE :
CORPORATION, in its capacity as receiver for :
WASHINGTON MUTUAL BANK, such entity :
having incorporated former defendants :
WASHINGTON MUTUAL BANK, FA, :
WASHINGTON MUTUAL HOME LOANS, INC.; :
and WASHINGTON MUTUAL BANK, FSB, :
:
     Defendants. :
---------------------------------------------------------------x

**PLAINTIFFS' AND THE CERTIFIED CLASS' REQUEST FOR JUDICIAL NOTICE OF WASHINGTON MUTUAL, INC.'S CLASS ACTION SETTLEMENT FILED IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

  In support of its pending motion for, *inter alia*, decertification of the class in this action (Docket No. 305-1), Defendant Washington Mutual, Inc. ("WMI") contends that, as a Chapter 11 debtor, the defense of this action will "waste the estate's limited resources and run counter to the principles of a chapter 11 reorganization, which seeks to maximize recovery for all creditors and assist the debtor with its reorganization effort." *Id.* at 21-22.  However, WMI recognizes that class action claims are often resolved in the context of bankruptcy proceedings.  By motion filed August 3, 2010 in the Delaware Bankruptcy Court, WMI seeks court approval of a class action settlement of claims involving the WaMu Pension Plan arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et*

*seq.* Plaintiffs attach this motion and the supporting papers as Exhibit "A" hereto and respectfully request that this Court take judicial notice of this filing under F.R.E. 201(d). *See Global Network Commc'ns, Inc. v. New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted)), *cited in Steahr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

Class action claims -- like many others -- are routinely handled in bankruptcy proceedings as WMI recognizes.

Dated: August 5, 2010
White Plains, New York

                    Respectfully submitted,

                    **LOWEY, DANNENBERG, COHEN & HART, P.C.**
                    BY: /s/ Peter D. St. Phillip, Jr.
                    Peter D. St. Philip, Jr.
                    One North Broadway, Fifth Floor
                    White Plains, NY 10601
                    Tel: (914) 997-5000
                    Fax: (914) 997-0035
                    E-mail: pstphillip@lowey.com

                    **WHALEN & TUSA, P.C.**
                    Joseph S. Tusa
                    33 West 19th Street, Suite 405
                    New York, NY 10011
                    Tel: (212) 400-7100
                    Fax: (212) 658-9685
                    E-mail: joseph@whalen-tusa.com

                    ***Attorneys for Class Plaintiffs***