**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DENISE CASSESE f/k/a DENISE CALIGIURI,
GEORGE SCOTT RUSH, RICHARD
SCHROER, and WILLIAM BLOOM,
individually and on behalf of all others similarly      **MEMORANDUM OF**
situated,                                                **DECISION AND ORDER**
                                                         05-cv-2724 (ADS)(ARL)

                                 Plaintiffs,

               -against-

WASHINGTON MUTUAL, INC.; and

THE FEDERAL DEPOSIT INSURANCE
COMPANY, in its capacity as receiver for
WASHINGTON MUTUAL BANK, such entity
having incorporated former defendants
WASHINGTON MUTUAL BANK, FA and
WASHINGTON MUTUAL HOME LOANS,
INC.;

                                Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**WHALEN & TUSA, P.C.**
*Attorneys for the plaintiffs*
33 West 19th Street, Suite 405
New York, NY 10011
       By:    Joseph S. Tusa, Esq.,
                Paul C. Whalen, Esq., of Counsel

**LOWEY DANNENBERG COHEN & HART, P.C.**
*Attorneys for the plaintiffs*
White Plains Plaza
One North Broadway
White Plains, NY 10601
       By:    Peter D. St. Philip, Jr., Esq., of Counsel

**WEIL, GOTSHAL & MANGES, LLP**
*Attorneys for the defendant Washington Mutual Inc.*
767 Fifth Avenue
New York, NY 10153
       By:    Brian S. Rosen , Esq., of Counsel

**BAKER BOTTS, LLP**
*Attorneys for the defendant Federal Deposit Insurance Corporation*
The Warner
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004
  By: David A. Super, Esq.,
     Ryan Bull, Esq.,
     Elysa M. Dishman, Esq.,
     Samuel J. Waldon, Esq., of Counsel

**SPATT, District Judge.**

This consumer class action arises out of claims by the plaintiffs that the defendants improperly charged them "payoff fees" when they made early payments on their mortgages. Presently before the Court are two motions: (1) a motion by the defendant Washington Mutual Bank, FA (now in FDIC receivership, and referred to in this order as "WMB/FDIC") to strike portions of the plaintiffs' Third Amended Complaint, and (2) a motion to substitute Tusa P.C. as class counsel in place of Whalen & Tusa, P.C. For the reasons that follow, the Court grants in part and denies in part the motion to strike, and directs that the parties appear before the Court to address the motion to substitute counsel.

## I. BACKGROUND

In 2005, named plaintiffs Denise Cassese and George Scott Rush, who had home loans with defendant Washington Mutual Bank (prior to its receivership with the FDIC), initiated the present action. Cassese and Rush alleged that Washington Mutual Bank, as well as defendants Washington Mutual, Inc. ("WMI"); Former State-Chartered Washington Mutual Bank; Washington Mutual Bank, FSB ("WMBfsb"); and Washington Mutual Home Loans, Inc., charged them—and thousands of other banking customers—modest but improper fees when they made early payments on their

2

mortgages. Shortly after the commencement of this action, named plaintiff Richard Schroer, who identifies the entity with whom he held a home loan only as "Washington Mutual," joined the action. The details of the plaintiffs' allegations are set forth more fully in the Court's numerous previous decisions in this case, and familiarity with those facts is assumed.

The plaintiffs' original complaint asserted a wide range of causes of action against the defendants, including state common law claims and state and federal consumer protection claims. In 2007, before any class had been certified, the defendants moved to dismiss all of these causes of action for failure to state a claim. By order dated September 7, 2007, the Court granted the defendants' motion in part, and dismissed the first four numbered causes of action in the plaintiffs' complaint, namely: (1) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601–93r ("TILA"); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*; (3) violation of New York Property Law § 274-a, New Jersey Statutes Annotated §§ 46:10B-2, and North Carolina General Statutes §45-36.7(h); and (4) violation of New Jersey Revised Statutes §§ 46:18-5.1, 46:18-11.2, 46:18-11.3 and North Carolina General Statutes § 45-36.3. In addition, while a class was temporarily certified to assert claims against WMB/FDIC, that class was ultimately decertified, and all remaining claims against WMB/FDIC are on behalf of the individual plaintiffs. However, a class was certified—and remains certified—to assert claims against WMI, and the plaintiffs were also ultimately permitted to add the named plaintiff William Bloom and to reassert their class TILA claim against the defendant WMI.

3

Thus, the plaintiffs presently assert individual claims against the defendant WMB/FDIC for: (1) breach of consumer protection statutes in New Jersey and North Carolina, and (2) common law breach of contract, unjust enrichment, and fraud. Against the defendant WMI, the plaintiffs assert class action claims for (1) breach of state consumer protection statutes, (2) common law breach of contract, unjust enrichment, and fraud, and (3) violation of the TILA.

After extensive additional motion practice in this case, the plaintiffs filed a Third Amended Complaint on November 17, 2010.  However, in that complaint, the plaintiffs continue to state the claims that the Court dismissed in its September 2, 2007 Order, as well as to state allegations concerning the defunct class claims against the defendant WMB/FDIC.

In response, the defendant WMB/FDIC moved on December 1, 2010 to strike the portions of the plaintiffs' Third Amended Complaint that relate to these previously-dismissed claims.  Specifically, WMB/FDIC requests that the Court strike the following parts of the Third Amended Complaint:

- Paragraphs 131 through 169;
- Paragraphs 19, 56–59, and 66–67; and
- Paragraphs 110–125, and 180, except for 180(aa) and 180(cc).

With certain exceptions discussed below, the plaintiffs admit that these allegations relate to causes of action that that have been dismissed.  Nevertheless, the plaintiffs state that they have retained these allegations in their complaint to preserve them on appeal, and that this is necessary and proper.  The plaintiffs therefore oppose WMB/FDIC's motion in its entirety.

4

In addition, separate and apart from WMB/FDIC's motion to strike, Tusa P.C. has moved to replace Whalen & Tusa, P.C. as class counsel in this case. The Court briefly addresses that motion here as well.

## II. DISCUSSION

**A. As to WMB/FDIC's Motion to Strike**

The Court has reviewed the Third Amended Complaint and agrees that, with the exceptions described below, the WMB/FDIC's motion to strike should be granted.

The plaintiffs largely oppose WMB/FDIC's motion to strike on the grounds that they are permitted to continue to plead previously-dismissed allegations to preserve them for appeal. However, the Second Circuit has expressly held that dismissed claims need not be retained in an amended pleading to preserve them for appeal. See P. Stolz Family Partnership L.P. v. Daum, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend."); see also Tierney v. Omnicom Group, Inc., No. 06-cv-14302, 2007 WL 4526615, *5 (S.D.N.Y. Dec. 20, 2007) (granting motion to strike allegations relating to previously-dismissed claims, and noting that pleading dismissed claims "out of an abundance of caution so as to preserve these claims on appeal" is "unwarranted"); In re Alstom SA, 454 F. Supp. 2d 187, 216–17 (S.D.N.Y. 2006) (striking allegations related to previously-dismissed claims on similar grounds). In addition, the Court has reviewed the cases that the plaintiffs rely on in challenging WMB/FDIC's position, and finds that not only do these cases pre-date the relevant Second Circuit law on this issue, but they also only address a failure to plead a *still viable* claim in a subsequent pleading. See Austin v. Ford

5

Models, Inc., 149 F.3d 148, 155–56 (2d Cir. 1998); Ping Tou Bian v. Taylor, 23 Fed. App'x 75, 77 (2d Cir. 2001). These cases are thus inapplicable.

Based on these considerations, the Court strikes the following paragraphs of the Third Amended Complaint *in their entirety*:

- Paragraphs 110–112
- Paragraphs 142–169

Nevertheless, certain portions of the paragraphs of the Third Amended Complaint that WMB/FDIC has moved to strike relate, at least in part, to valid claims by the plaintiffs against the defendant WMI. As the Court noted in its October 18, 2010 decision, the plaintiffs' causes of action against the defendant WMI are largely dependent on the plaintiffs' interactions with WMB. Cassese v. Washington Mutual, Inc., 743 F. Supp. 2d 148, 157–58 (E.D.N.Y. 2010). Thus, to the extent that the plaintiffs have alleged facts relating to interactions with WMB that support derivative claims against WMI, those allegations should not be stricken. Therefore, the Court *declines to strike* the following paragraphs of the Third Amended Complaint:

- Paragraphs 56–59
- Paragraphs 66–67
- Paragraphs 113–116

Certain of the plaintiffs' allegations relate to derivative claims against WMI, but also include language referencing now-dismissed claims against WMB/FDIC or the former-WMB class. This is not proper. Thus, the Court directs the plaintiffs to *amend* the following paragraphs of the Third Amended Complaint to omit any reference to causes of action against WMB/FDIC or the now-decertified WMB class:

6

- Paragraph 19

- Paragraphs 117–125

- Paragraphs 131–141

- Paragraph 180, *except* that the plaintiffs may retain the references in sub-paragraphs 180(aa) and 180(cc) to individual causes of action against WMB/FDIC.

Finally, the Court notes that the plaintiffs nevertheless oppose this relief on the grounds that WMB/FDIC allegedly continues to plead defenses that the Court has previously rejected.  The Court is not persuaded by this argument.  The plaintiffs are free to move to strike defenses asserted by WMB/FDIC if they believe such a motion to be appropriate, but the presence of those defenses has no bearing on the present motion.

**B. As to the Motion to Substitute Counsel**

As noted above, Tusa P.C. has moved to replace Whalen & Tusa, P.C. as class counsel in this case.  The Court has reviewed the parties' papers on this issue, and now directs (1) counsel for all parties, and (2) each of the named plaintiffs in person, to appear before the Court to address the motion to substitute counsel on Monday, June 20, 2011 at 9:00 a.m.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that WMB/FDIC's motion to strike is granted in part and denied in part, as set forth in detail above; and it is further

**ORDERED** that the plaintiffs are directed to file an amended complaint in conformance with this Order within twenty days of the date of this Order; and it is further

**ORDERED** that the named plaintiffs and counsel for the parties are directed to appear before the Court to address the presently pending motion to substitute counsel on Monday, June 20, 2011 at 9:00 a.m.

**SO ORDERED.**

Dated: Central Islip, New York
June 7, 2011

              ___/s/ Arthur D. Spatt_____
               ARTHUR D. SPATT
              United States District Judge