IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

DENISE CASSESE f/k/a DENISE CALIGIURI,
GEORGE SCOTT RUSH, RICHARD SCHROER and
WILLIAM BLOOM individually and on behalf of all others
similarly situated,

              *Plaintiffs*,

 --v.--

WASHINGTON MUTUAL, INC.; and THE FEDERAL
DEPOSIT INSURANCE COMPANY, in its capacity as
receiver for WASHINGTON MUTUAL BANK, such entity
having incorporated former defendants WASHINGTON
MUTUAL BANK, FA and WASHINGTON MUTUAL
HOME LOANS, INC.,

              *Defendants*.

Civil Action No. 05-02724

Arthur D. Spatt, USDJ
Arlene R. Lindsay, USMJ

---

**PLAINTIFFS' AND CLASS' MEMORANDUM OF LAW IN OPPOSITION TO
BLA SCHWARTZ, PC'S MOTION FOR ATTORNEYS' FEES**

| | |
|---|---|
| **LOWEY, DANNENBERG, COHEN & HART, P.C.** | **TUSA, P.C.** |
| Peter D. St. Phillip, Jr. | Joseph S. Tusa |
| One North Broadway, Suite 509 | 1979 Marcus Avenue, Ste. 210 |
| White Plains, NY 10601 | Lake Success, NY 11042 |
| Telephone:  (914) 997-0500 | Telephone:  (516) 622-2212 |
| Telecopier:  (914) 997-0035 | Telecopier:  (516) 706-1373 |
| E-mail:  pstphillip@lowey.com | E-Mail:  joseph.tusapc@gmail.com |

*Attorneys for Plaintiffs and Class Counsel*

## **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................................2

ARGUMENT

I. MS. KOMAR DID NOTHING TO ASSIST THE COURT....................................4

II. PUBLIC POLICY PROHIBITS AN
   AWARD OF FEES TO BLA SCHWARTZ............................................................6

III. BLA SCHWARTZ'S FEE REQUEST IS EXCESSIVE.........................................7

CONCLUSION....................................................................................................................9

Plaintiffs Denise Cassese, George Rush, Richard Schroer and William Bloom (collectively "Plaintiffs"), individually and on behalf of the certified Class, by and through their counsel and appointed Class Counsel Tusa P.C. and Lowey Dannenberg Cohen & Hart, P.C., respectfully submit this Memorandum of Law in opposition to the request of BLA Schwartz, P.C., counsel for objector Brenda S. Komar, for attorneys' fees.

## BACKGROUND

After filing a "procedural" objection to the timing of the approval process, Brenda Komar seeks almost $47,000.00 in attorneys' fees to be payable from the class settlement fund. Mrs. Komar's counsel claims that her objection "contributed to the preservation of $2.2 million of the common settlement fund." *See* Memorandum of Law in Support of Motion for Attorneys' Fees at 5-6 (Dkt. No. 431). Notably, Komar's objection was "overruled and denied in all respects" and the Court even made a handwritten change to the final order making that point clear. *See* Final Order and Judgment at ¶¶ 4, 22 (Dkt. No. 423). *See also* Civil Cause for Final Settlement Conference (Dkt. No. 426); Transcript of September 15, 2011 Settlement Conference at 40.

Komar's main objection was based on her perceived procedural irregularity that the deadline for objections preceded the date by which Class Counsel filed its motion for attorneys' fees. The objection was meritless, as Class Counsel advised the Class that it would seek up to 30% of the fee in the Class Notice and the nature and extent of Class Counsel's work was discernible from the many public opinions issued by the Court, the public docket, the Settlement Agreement and the Court-approved Notice.

As to the timing of the settlement deadlines, this Court's Preliminary Approval Order set the deadlines to file objections on August 31, 2011 and the deadline for Class Counsel to

2

submit their attorneys' fee application on September 1, 2011. *See* Dkt. No. 365 at ¶¶ 11(c), 12(b), 13(b). Even if an argument could be made that Mrs. Komar was prejudiced by the deadlines, Class Counsel cured any possible prejudice by sending her counsel a full set fee motion papers on September 2, 2011 and advising that Class Counsel would not object (based on timing) to any submission she made in opposition to the fee request before the September 15, 2011 Final Approval Hearing. Mrs. Komar took advantage of that opportunity and filed her objections to the attorneys' fee motion on August 31, 2011. (Dkt. No. 386). This opportunity, of course, cured any supposed procedural due process concerns she had. *See In re Literary Works in Electronic Databases Copyright Litig.*, 2011 WL 3606725, *20 (Aug. 17, 2011) (Straub, *J.*, dissenting in part; concurring in part) ("However, the objectors did file objections based on the damages study, which the District Court accepted, even though they were untimely. Accordingly, class members had the opportunity to base objections on the study, and any argument to the contrary fails." Class Counsel submitted their opposition to Komar's objection, and all other objections, by written submission on September 6, 2011. Dkt. No. 396. This Court agreed with Class Counsel and overruled all objections, including Mrs. Komar's objection.

Mrs. Komar cited *In re Mercury Interactive Secs. Litig.*, 618 F.3d 988 (9th Cir. 2010) in support of her objection that Class Counsel's motion violated her due process rights. The Ninth Circuit recognized that the practice of "requiring objections to be filed before the filing of the fee motion itself and its supporting papers" was "commonly employed by district courts throughout the Ninth Circuit and elsewhere in the country." *Id*. at 993. The *Mercury Interactive* Court was the first to adopt this novel position, which is directly contrary to the prevailing rule and practice in this Circuit. *See In re Bisys Secs. Litig.*, No. 04 Civ. 3840 (JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007) (citing*, In Re Elec. Carbon Prods. Antitrust Litig.,* 447 F.Supp.2d 389,

3

411 (D.N.J. 2006); *Allapattah Servs. v. Exxon Corp.,* 454 F. Supp. 2d 1185, 1194 (S.D. Fla. 2006); *Hicks v. Morgan Stanley & Co.,* 2005 U.S. Dist. LEXIS 24890, at *10; (S.D.N.Y. 2005)). The *Mercury Interactive* decision has been rejected by district courts outside the Ninth Circuit. *See In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 U.S. Dist. LEXIS 121684 at *19-21.

## ARGUMENT

### I. MS. KOMAR DID NOTHING TO ASSIST THE COURT

Mrs. Komar's objections were of no assistance to the Court's ability to award Class Counsel attorneys' fees in this class action settlement. Unlike Mrs. Komar and her counsel, the Court was intimately familiar with this long-standing litigation and the work of Class Counsel. In similar circumstances, courts routinely deny objector fee applications. *See In re Excess Value Ins. Coverage Litig.*, 598 F.Supp.2d 380, 393 (S.D.N.Y.2005) ("[f]undamentally, the Court needed little or no assistance from the Objectors in determining that Class Counsel's fee application should be . . . tailored to the actual benefit received by the Class."); *In re Anchor Secs. Litig.*, No. 88 Civ. 3024(CPS), 1991 WL 53651 (E.D.N.Y. Apr. 8, 1991) (denying fee request by objectors' counsel because they "did not assist [the court] in framing the issues for the settlement . . . 'enhance' or 'improve' the recovery itself or its structure, or 'affect[ ] the outcome as to fees"); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 132 (S.D.N.Y. 2009) *aff'd sub nom. Priceline.com, Inc. v. Silberman*, 405 Fed. Appx. 532 (2d Cir. 2010); *see also In re AOL Time Warner ERISA Litig.,* 02 CV. 8853 (SWK), 2007 WL 4225486 (S.D.N.Y. Nov. 28, 2007) (denying objector's fee request when their objection to class counsel's fees was overruled and the court "would have reached the same result notwithstanding the Objectors' participation.").

At the settlement approval hearing, the Court overruled all objections to the attorneys' fee motion by stating that it "was objecting to the fee also." *See September 15, 2011 Transcript of Settlement Conference* at 22:3. The Court actively questioned Class Counsel concerning the motion. *Id.* at 28-29. The Court stated that it was "not going to get into" Mrs. Komar's lawyer's objection that Class Counsel should have doled more work out to junior associates. *Id.* at 34. Mrs. Komar's counsel conceded that the Court "has much more experience in this case than we do." *Id.*

Unlike the objections in the cases cited by BLA Schwartz, Mrs. Komar's objections here did nothing to confer any benefit on the Class. *See In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 367 (E.D.N.Y. 2010) (finding the objectors' role helpful because they "served to clarify the proposed Settlement and MetLife's positions regarding implementation of the Settlement, leading MetLife "to elaborate on the record upon: (1) the checks in place to ensure that the choice and valuation of assets to be transferred into the closed block are not left to the sole discretion of MetLife; and (2) the provisions that protect against a "tontine" effect—an unreasonable build-up of assets over time benefitting only later-to-die policyholders—and ensure the settlement consideration will be distributed to class members in the form of dividends from the closed block within a reasonable time."); *Park v. Thompson Corp.*, 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009) (finding that the objections: "(1) led to the elimination of a $40 cap on claims submitted by class members; [and] (2) dispensed with the need for any class member in *Rodriguez v. West Publishing Corp.*, No. 05 Civ. 3222 (R(MCx)X), 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007), to submit an additional claim in this action . . . .").

Unlike these decisions, Mrs. Komar's objections did not structurally change the terms of the Settlement, nor clarify any of its terms. As far as the attorneys' fee application went, the $2.2

5

million reduction from Class Counsel's fee request was made by the Court, not by any advocacy of Mrs. Komar or her counsel. Mrs. Komar's request for public production of Class Counsel's time records was rejected and did not factor into the Court's attorneys' fee award. As this Court stated at the September 15, 2011 fairness hearing, "the need for exact [time] records is not imperative" as this proceeding was not "the average class action . . . but rather "a five year process of difficult litigation." *See* Transcript of September 15, 2011 Settlement Conference at 37-38. Mrs. Komar's counsel's participation in the settlement process is best characterized as a theory in search of a problem and should not be condoned or encouraged by a fee award. *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 368 (E.D.N.Y. 2010) ("[c]ompensation for an objector who has made no contribution except to attempt to hijack the settlement for ransom purposes is not encouraged.").

Because of the Court's intimacy with this class action, its attorneys' fee award to Class Counsel was made without any benefit from the objection of Mrs. Komar or her counsel. This frivolous position has not been taken by any of the other objectors whose objections, like Ms. Komar's, were entirely and completely overruled by this Court. Because Ms. Komar failed to provide the Court with "substantial assistance" in support of its role in setting a fee, her counsel is not entitled to a fee.

II. **PUBLIC POLICY PROHIBITS AN AWARD OF FEES TO BLA SCHWARTZ.**

Mrs. Komar is the wife and co-borrower of class member and "of counsel" to BLA Schwartz, John Komar. Mr. Komar billed a substantial amount of the hours supporting BLA Schwartz's fee application. *See Affidavit of Irwin B. Schwartz*, Ex. B (detailing Mr. Komar's hours). Essentially, John Komar served as counsel and client in the objection, and proceeded *pro se* in making objections for himself and his wife with respect to their undivided interest in the

6

fees paid. Under similar circumstances, courts have routinely disallowed fees to attorney objectors due to the significant public policy concerns raised by the practice. *See, e.g., Zucker v. Westinghouse Elec.*, 374 F.3d 221, 230 (3d Cir. 2004) ("[w]e . . . decline to endorse an interpretation of the common fund doctrine that creates untoward incentives for attorneys to pursue unnecessary actions for pecuniary gain or to pursue such actions without the benefit of the reasoned and detached judgment that attends the attorney-client relationship."); *In re Texaco Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 173 (S.D.N.Y. 2000) ("If Mr. Rand were permitted to recover fees in this case, a plaintiff who happened also to be a lawyer would be deterred from retaining competent, objective counsel, by the knowledge that he could enrich himself by recovering attorney's fees if he prevails."), *aff'd*, 28 Fed. Appx. 83 (2d Cir. 2002). By representing himself, Mr. Komar and his wife failed to exercise the independence required by New York Professional Responsibility Rules. *See New York Disciplinary Rule* 5-101A ("A lawyer shall not accept . . . employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial, business, property, or personal interests, unless a disinterested lawyer would believe that the representation of the client will not be adversely affected thereby and the client consents to the representation after full disclosure of the implications of the lawyer's interest.").

Awarding any fee to BLA Schwartz on behalf of Mr. Komar and his wife for his self-efforts or the conflict of interest suffered by his law firm would encourage improper incentives in the attorney-client relationship at the expense of the interests of the Class.

### III. BLA SCHWARTZ'S FEE REQUEST IS EXCESSIVE

BLA Schwartz seeks almost $47,000.00 for filing an objection, opposing discovery requests and presenting argument at the fairness hearing. BLA Schwartz claims to have spent

7

145.40 hours on these tasks, a figure conspicuously absent from the submitted time reports. *See* Affidavit of Irwin B. Schwartz, Exhibit C (Dkt. No. 432). A review of the time detail set forth in support of Komar's counsel's fee motion shows that the work done was duplicative, excessive and was billed at an hourly rate that the Court suggested was excessive for this District. *See* September 15, 2011 Transcript of Settlement Conference at 29; Affidavit of Irwin B. Schwartz, ¶ 20 (Dkt. No. 432). Moreover, Mr. Schwartz openly acknowledged that the time sheets submitted in support of the Motion for an Award of Attorney's Fees were not reviewed on a monthly basis to identify excessive or duplicative entries, as is the firm's general practice. *See* Affidavit of Irwin B. Schwartz, ¶ 24 (Dkt. No. 432).

Also noteworthy, is the fact that John Komar, the objector's husband, billed 54.58 hours, or 38% of the total hours expended by BLA Schwartz. Moreover, the portion of the total bill attributed to John Komar, the individual with the largest incentive to rack up hours, is $20,468.75, or almost 44% of the total bill.

BLA Schwartz's argument that it was forced to incur $24,595.95 in unnecessary costs due to their requested appearance at the fairness hearing is without merit. *See* Affidavit of Irwin B. Schwartz at 5 (Dkt. No. 432). Numerous courts have compelled objectors to attend or testify at fairness hearings. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003), *appeal dismissed*, 391 F.3d 812 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 2297 (2005); *In re Initial Pub. Offering Secs. Litig.*, 721 F. Supp. 2d 210, 215, n. 37 (S.D.N.Y. 2010); *See In re Literary Works in Elec. Databases Copyright Litig.,* 05-5943-CV L, 2011 WL 3606725 at *18 (2d Cir. Aug. 17, 2011). Further, Komar's counsel was not compelled to attend the fairness hearing, but rather chose to do so to present its ultimately unsuccessful arguments to the Court.

8

## **CONCLUSION**

For the stated reasons, Plaintiffs and Class Counsel respectfully request that the Court decline to award BLA Schwartz any fee in this matter.

Dated: October 17, 2011
      White Plains, New York

Respectfully submitted**,**

**TUSA P.C**.

BY:  **/s/ Joseph S. Tusa**
      Joseph S. Tusa (JT 9390)
1979 Marcus Avenue, Ste. 210
Lake Success, NY  11042
Tel.  (516) 622-2212
Fax:  (516) 706-1373
joseph.tusapc@gmail.com

**LOWEY DANNENBERG COHEN
 & HART, P.C.**

BY:  **/s/ Peter D. St. Phillip, Jr.**
      Peter D. St. Phillip, Jr. (PS 0726)
One North Broadway, Suite 509
White Plains, NY  10601
Tel. (914) 997-5000
Fax: (914) 997-0035
E-Mail: pstphillip@lowey.com

*Class Counsel and
Attorneys for Plaintiffs*